

ORIGINAL

1 SHAWN N. ANDERSON
United States Attorney
2 BENJAMIN K. PETERSBURG
Assistant U.S. Attorney
3 Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
4 Hagåtña, Guam 96910
PHONE: (671) 479-4146
5 FAX: (671) 472-7215

FILED
STRICT COURT OF GUAM

APR 19 2023

JEANNE G. QUINATA
CLERK OF COURT

6 Attorneys for the United States of America

7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE DISTRICT OF GUAM

9 UNITED STATES OF AMERICA,

CRIMINAL CASE NO. 23 - 00013

10

**INDICTMENT**

11 Plaintiff,

**BANK FRAUD**
[18 U.S.C. § 1344(1)]
12 [Counts 1 - 15]

13 vs.

**AGGRAVATED IDENTITY THEFT**
[18 U.S.C. § 1028A]
14 [Count 16]

15 SUNG PEEL HWANG a/k/a DON
SUNGPEEL HWANG,

**MONEY LAUNDERING**
[18 U.S.C. § 1957]
16 [Count 17]

17

**NOTICE OF FORFEITURE**
[18 U.S.C. § 982(a)(1) and (a)(2)(A)]
Defendant.

18

19 THE GRAND JURY CHARGES:

20 **INTRODUCTION**

21 At all times material to this Indictment:

22     1.     Defendant SUNG PEEL HWANG a/k/a DON SUNGPEEL HWANG worked as

23 an office manager for Korean Air Lines' ("KAL") Guam office.

24     2.     KAL maintained a business checking account at the Bank of Guam (BOG *3860),

INDICTMENT - 1

1  a federally insured financial institution in the District of Guam. KAL used this account to pay for

2  business expenses on Guam.

3      3.    As the office manager, the Defendant SUNG PEEL HWANG a/k/a DON

4  SUNGPEEL HWANG, was a signatory on the KAL bank account at the Bank of Guam.

5      4.    KAL had a policy requiring two signatures from authorized signatories on all

6  business checks.

7      5.    All airlines operating out of A.B. Won Pat International Airport (known as the

8  Guam International Airport or "GIAA") were required to pay a Passenger Facility Charge ("PFC")

9  which is a fee paid by the airline to GIAA for each passenger on each flight operated out of GIAA.

10     6.    One of Defendant SUNG PEEL HWANG a/k/a DON SUNGPEEL HWANG's

11  duties as office manager was to report the number of passengers and corresponding PFC due to

12  the KAL main office each month. KAL would then wire the required funds to KAL's Bank of

13  Guam bank account.

14     7.    Defendant SUNG PEEL HWANG a/k/a DON SUNGPEEL HWANG was then

15  responsible for issuing a check payable to GIAA in the amount of PFC due, obtaining the signature

16  of another authorized signatory, and providing the check and PFC report to GIAA.

17     8.    Defendant SUNG PEEL HWANG a/k/a DON SUNGPEEL HWANG's other

18  duties included paying GIAA for office rental and tracking and paying other office expenses using

19  the KAL bank account at the Bank of Guam.

20  ## COUNTS 1-15 – BANK FRAUD

21     9.    From on or about December 2015 until on or about December 11, 2018, in the

22  District of Guam, the Defendant SUNG PEEL HWANG a/k/a DON SUNGPEEL HWANG, did

23  knowingly execute a scheme and artifice to defraud Bank of Guam, a federally insured financial

24  institution, and to obtain moneys, funds, credits, and other property owned by and under the

INDICTMENT - 2

1  custody and control of Bank of Guam, by means of materially false and fraudulent pretenses,

2  representations, and promises.

3       It was part of the scheme and artifice that:

4       10.     Defendant SUNG PEEL HWANG a/k/a DON SUNGPEEL HWANG maintained

5  a personal checking account at the Bank of Guam and changed his mailing address to correspond

6  to the KAL office address located at GIAA.

7       11.     Defendant SUNG PEEL HWANG a/k/a DON SUNGPEEL HWANG fraudulently

8  modified legitimate KAL checks made out to pay PFC and other office expenses by changing the

9  payee to himself.

10       12.     Defendant SUNG PEEL HWANG a/k/a DON SUNGPEEL HWANG then

11  deposited the fraudulent checks into his personal Bank of Guam checking account.

12       13.     Defendant SUNG PEEL HWANG a/k/a DON SUNGPEEL HWANG produced

13  PFC reports that underreported the correct number of passengers and PFC owed to GIAA.

14       14.     Defendant SUNG PEEL HWANG a/k/a DON SUNGPEEL HWANG then issued

15  checks payable to GIAA in an amount less than the true amount KAL owed and less than the

16  amount of the KAL checks he had deposited into his personal checking account.

17       15.     Defendant SUNG PEEL HWANG a/k/a DON SUNGPEEL HWANG then kept the

18  difference for his own personal use.

19       16.     At various times during the scheme, Defendant SUNG PEEL HWANG a/k/a DON

20  SUNGPEEL HWANG also modified legitimate KAL checks, deposited them into his personal

21  checking account, and kept the entirety of the funds for his personal use.

22       17.     At various times during the scheme, Defendant SUNG PEEL HWANG a/k/a DON

23  SUNGPEEL HWANG forged the signature of his co-signatory on KAL checks in order to make

24  them appear legitimate.

INDICTMENT - 3

18. At various times during the scheme, Defendant SUNG PEEL HWANG a/k/a DON SUNGPEEL HWANG fraudulently induced his co-signatories to sign KAL checks that he later made out to himself.

19. The following checks, each check constituting a separate count, were fraudulently deposited into SUNG PEEL HWANG a/k/a DON SUNGPEEL HWANG's personal checking account at the Bank of Guam:

| COUNT | DEPOSIT DATE | CHECK NO. | AMOUNT | ACCOUNT |
|-------|------------|-----------|--------|---------|
| 1 | 05/16/18 | 9899 | $95,652.19 | BOG *3860 |
| 2 | 05/21/18 | 9901 | $2,522.45 | BOG *3860 |
| 3 | 05/21/18 | 9902 | $1,035.32 | BOG *3860 |
| 4 | 06/11/18 | 9956 | $61,960.45 | BOG *3860 |
| 5 | 07/12/18 | 10013 | $14,852.18 | BOG *3860 |
| 6 | 07/16/18 | 10024 | $60,559.68 | BOG *3860 |
| 7 | 07/25/18 | 10008 | $1,380.00 | BOG *3860 |
| 8 | 08/10/18 | 10070 | $65,510.48 | BOG *3860 |
| 9 | 09/13/18 | 10141 | $68,734.41 | BOG *3860 |
| 10 | 10/10/18 | 10212 | $2,800.00 | BOG *3860 |
| 11 | 10/18/18 | 10246 | $54,918.15 | BOG *3860 |
| 12 | 11/13/18 | 10285 | $46,614.91 | BOG *3860 |
| 13 | 11/19/18 | 10304 | $8,235.76 | BOG *3860 |
| 14 | 12/06/18 | 10335 | $5,386.00 | BOG *3860 |
| 15 | 12/11/18 | 10341 | $61,178.07 | BOG *3860 |

All in violation of Title 18, United States Code, Section 1344.

## COUNT 16 – AGGRAVATED IDENTITY THEFT

20. On or about December 11, 2018, in the District of Guam, the Defendant, SUNG PEEL HWANG a/k/a DON SUNGPEEL HWANG, did knowingly use, without lawful authority, a means of identification of another person, to wit: the name and signature of T.W.K. The Defendant did so during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: Bank Fraud, in violation of Title 18, United States Code, Section 1344, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

INDICTMENT - 4

## COUNT 17 – MONEY LAUNDERING

21.    Paragraphs 1-20 of this Indictment are re-alleged and incorporated as though fully set forth herein.

22.    On or about December 12, 2018, in the District of Guam and elsewhere, the Defendant SUNG PEEL HWANG a/k/a DON SUNGPEEL HWANG, did knowingly engage, attempt to engage, cause to engage and attempt to cause to engage in monetary transactions, affecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000, that is the deposits, withdrawal, transfer, exchange of funds for monetary instruments, as set forth below, such property having been derived from specified unlawful activity, that is bank fraud a violation of Title 18, United States Code, Section 1344, as set forth in Counts 1-15, all in violation of Title 18, United States Code, Sections 1957 and 2.

| ACCOUNT NAME | BANK | DATE | CHECK NO. | AMOUNT |
|---|---|---|---|---|
| SUNG PEEL HWANG | Bank of Guam | 12/12/18 | 311 | $59,000.00 |

## CRIMINAL FORFEITURE ALLEGATION NO. 1
### BANK FRAUD
### 18 U.S.C. § 1344

1.    The allegations contained in Counts 1 through 15 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2.    Upon conviction of the offenses in violation of Title 18, United States Code, Section 1344 set forth in Counts 1 through 15 of this Indictment, the Defendant, SUNG PEEL HWANG a/ka/ DON SUNGPEEL HWANG, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations. The property to be forfeited includes, but is not limited to, the following:

INDICTMENT - 5

1     **MONEY JUDGMENT**

2     A sum of money representing the amount of proceeds obtained as a result of the offenses.

3     3.    If any of the property described above, as a result of any act or omission of the

4 Defendant:

5         a.    cannot be located upon the exercise of due diligence;

6         b.    has been transferred or sold to, or deposited with, a third party;

7         c.    has been placed beyond the jurisdiction of the Court;

8         d.    has been substantially diminished in value; or

9         e.    has been commingled with other property which cannot be divided without

10             difficulty,

11 the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

12 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section

13 982(b)(1) and Title 28, United States Code, Section 2461(c).

14     All pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United

15 States Code, Section 2461(c).

16     **CRIMINAL FORFEITURE ALLEGATION NO. 2**
**MONEY LAUNDERING**

17     **18 U.S.C. § 1957**

18     4.    The allegations contained in Count 17 of this Indictment are hereby realleged and

19 incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States

20 Code, Section 982(a)(1).

21     5.    Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of the

22 offense in violation of Title 18, United States Code, Section 1957, the Defendant SUNG PEEL

23 HWANG a/ka/ DON SUNGPEEL HWANG, shall forfeit to the United States of America any

24 property, real or personal, involved in such offense, and any property traceable to such property.

INDICTMENT - 6

The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT**

A sum of money representing the amount of funds involved in the offense or traceable to such funds.

6.  If any of the property described above, as a result of any act or omission of the Defendant:

       a.     cannot be located upon the exercise of due diligence;

       b.     has been transferred or sold to, or deposited with, a third party;

       c.     has been placed beyond the jurisdiction of the court;

       d.     has been substantially diminished in value; or

       e.     has been commingled with other property which cannot be divided

             without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

DATED this 19th day of April, 2023.

A TRUE BILL.

REDACTED

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI

By: _____
BENJAMIN K. PETERSBURG
Assistant U.S. Attorney

INDICTMENT - 7